**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Jay VanArnhem, | : | |
| | : | Case No. 2:12-cv-794 |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Frost |
| | : | |
| Honda of America Mfg., Inc. | : | Magistrate Judge King |
| | : | |
| Defendant. | : | |

## STIPULATED PROTECTIVE ORDER

Plaintiff Jay VanArnhem ("Plaintiff") and Defendant Honda of America, Mfg., Inc., ("Defendant") by and through their respective counsel, hereby stipulate and agree to entry of the attached proposed Protective Order in the above-captioned matter.

 SO STIPULATED:

| | |
|---|---|
| */s/ Douglas Matthews* | */s/ Christopher Trolinger* (by ccw per auth) |
| Douglas R. Matthews (0039431) | Christopher Lewis Trolinger (0084027) |
|     Trial Attorney |     Trial Attorney |
| Christopher C. Wager (0084324) | Robert Charles Petty (0069942) |
| Vorys, Sater, Seymour and Pease LLP | Farlow & Associates LLC |
| 52 East Gay Street, P.O. Box 1008 | 270 Bradenton Avenue , Suite 100 |
| Columbus, Ohio 43216-1008 | Dublin, OH 43017 |
| Telephone: (614) 464-5460 | Telephone: (614) 734-1270 |
| Facsimile: (614) 719-4843 | Facsimile: (614) 923-1031 |
| drmatthews@vorys.com | ctrolinger@farlowlaw.com |
| brspain@vorys.com | rpetty@farlowlaw.com |
| | |
| *Attorneys for Defendant* | *Attorney for Plaintiff* |
| *Honda of America Mfg., Inc.* | *Jay VanArnhem* |

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Jay VanArnhem, | : | |
| | : | Case No. 2:12-cv-794 |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Frost |
| | : | |
| Honda of America Mfg., Inc. | : | Magistrate Judge King |
| | : | |
| Defendant. | : | |

### STIPULATED PROTECTIVE ORDER

Defendant Honda of America, Mfg., Inc., ("Defendant") and Plaintiff Jay VanArnhem ("Plaintiff") have asked the Court to enter a protective order in the above-captioned case to facilitate the exchange of discovery materials among the parties, to protect confidential business or proprietary information as well as other sensitive information. The Court, having considered the motion and for good cause, hereby enters the following protective order pursuant to the Court's authority under Fed.R.Civ.P. 26(c):

IT IS HEREBY ORDERED that "Confidential Information", as defined herein, produced by the parties is hereby subject to the terms of this Order and is produced pursuant to and because of this Order.        IT IS HEREBY FURTHER ORDERED:

**A.    Definition of Confidential Information**

1.    "Confidential Information," as used in this Order means any confidential, sensitive or proprietary information produced or provided during the course of this action which is stamped by the party producing the material with the notation "Confidential" or "Confidential – Attorneys' Eyes Only" to signify that it contains documents, information or testimony believed to be Confidential Information pursuant to paragraph B hereof.  For purposes of this Agreement

and Order, the term "document" shall have the meaning as defined in Federal Rule of Civil Procedure 34(a).

B.      **Procedure for Designating Material as Confidential Information**

1.      A party producing "Confidential Information" shall designate the material as confidential by stamping or otherwise marking the notation "Confidential" or "Confidential – Attorneys' Eyes Only" on the first page of such designated document or by other means that notifies the parties that the information is subject to this Protective Order.  In lieu of marking originals, the producing party may mark copies of the documents that are produced or exchanged.  With respect to electronic data or information, the designating party may designate such material as confidential by marking the notation "Confidential" or "Confidential – Attorneys' Eyes Only" on a label affixed to the disk, tape, or other medium on which the information is stored or by other means that notifies the parties that the information is subject to this Protective Order.

2.      All depositions, including any document marked as an exhibit or otherwise appended to the deposition, shall be treated as confidential under the terms of this Protective Order if designated at any time during a deposition or within ten (10) days after receipt of a deposition transcript.  During that ten (10) day period, all transcripts and the information contained in them will be deemed to be confidential in their entirety under the terms of this Protective Order.  Where practical, the party making such a designation will indicate the pages or sections of the transcript that are to be treated as confidential.  All copies of deposition transcripts that contain Confidential Information shall be prominently marked "Confidential" or "Confidential – Attorneys' Eyes Only" on the cover and, if filed with any court, be filed under seal.

3.	All Confidential Information in any affidavits, briefs, memoranda, or other papers filed with any court shall be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" and filed under seal.

4.	A party may designate as Confidential Information any documents, information or testimony produced or furnished in this matter by it or a non-party who came into possession of such information under circumstances in which the confidentiality was not waived as a matter of law, including, but not limited to, attorneys, experts, accountants, consultants, health care providers, appraisers, agents and employees, by informing opposing counsel in writing of such designation within twenty (20) business days of receipt of the document, information or testimony.

5.	Inadvertent production of any document or information without a designation of "Confidential" will not be deemed to waive a party's claim to its confidential nature or estop that party from designating the document or information as "Confidential" at a later date through a supplemental written notification.  Upon receipt of such a supplemental written notice, counsel for the Receiving Party shall undertake to recover from any person to whom such Confidential Information was disclosed all copies and abstracts of the Confidential Information that is the subject of the supplemental written notice and shall instruct all persons who viewed the material as to the appropriate treatment thereof.  Disclosure of the document or information by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order.

C.  **Qualified Persons with Access to Confidential Information**

The designation of documents, information or testimony as Confidential Information shall mean that such shall be used only for the litigation, trial and/or settlement of this action and shall not be disclosed or transmitted, verbatim or in substance, to anyone except the following:

1. The attorneys of record in this action and their associated attorneys, legal assistants, and staff members working on the action to the extent reasonably necessary to render professional services in the action;

2. The named parties to this litigation, their agents, and witnesses provided that they first agree to be bound by this Order;

3. Independent consultants and/or experts retained by the parties or counsel to work on the action who agree to abide by this Order, provided that before making disclosure of Confidential Information to outside experts or consultants, the party must obtain an agreement in writing from such person reciting that he or she has read a copy of this Protective Order and agrees to be bound by its provisions including, without limitation, that he or she will not use the Confidential Information for any purpose other than this litigation and will return all Confidential Information that has been provided to him or her at the conclusion of the litigation (including any appeals);

4. Such persons as the undersigned counsel shall mutually consent to in writing or on the record prior to the proposed disclosure

5. Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the action;

6. The Court and Court personnel.

Each individual listed in 1-5 above, shall be deemed to be an agent of Plaintiff and/or Defendant, whichever party discloses the information to them, and that party shall be responsible for any disclosure of Confidential Information beyond that authorized in this Protective Order.

### D.     Restrictions on the Use and Disclosure of Confidential Information

1. Persons obtaining access to items designated as "Confidential" shall use the information solely for the litigation, trial and/or settlement of this action.

2. Confidential Information shall not be shown to (except in connection with an interview conducted by or under the supervision of counsel) and copies shall not be provided to witnesses.

3. Without written permission from the producing party, no Confidential Information may be filed on the public record with the Clerk of Court other than under seal in accordance with the provisions of this Order.  If a party seeks to file such Confidential Information  under seal, then the party seeking to file such Confidential Information shall file it in a sealed envelope as provided in S.D. Ohio Civ. R. 79.3 along with a motion seeking leave of Court to file under seal, which the producing party shall have an opportunity to join.  Should the Court decline to grant the motion for leave to file under seal, the material shall be returned to the moving party and shall not be made publicly available or available to any other party except as provided in this Order.  Redacted versions of sealed documents and materials may be filed with the Court in accordance with normal procedures and made publicly available provided that (a) all Confidential Information and all passages in which such Confidential Information is quoted, incorporated, or cited are redacted from such filings; and (2) redacted versions are clearly marked "Public Version - Confidential Material Omitted" or marked in a substantially similar

manner.  Redacted versions must also clearly identify each place where information or exhibits have been redacted.  A notation to the effect of "redacted" will be sufficient.

   4.  If, at the time of trial or in connection with any pretrial or settlement hearing, counsel for a party intends to introduce any material made subject to this Order, he or she shall so inform the Court and opposing counsel as far in advance as possible, and the Court may take such steps, at the request of the opposing counsel or on its own initiative, as it deems necessary to preserve the confidentiality of such material subject to this Order.

   5.  Neither the parties nor their counsel of record shall discuss or disclose the contents of any Confidential Information with any other person, except between themselves for purposes of this action and as otherwise permitted in this Order.

**E.** **Confidential – Attorneys' Eyes Only**

 Information designated as "Confidential – Attorneys' Eyes Only" shall be disclosed only to counsel of record for the parties, designated in-house counsel for the parties, paralegal assistants, and clerical employees working directly on the Action under the supervision of such attorneys. "Confidential Attorney's Eyes Only" information may also be disclosed to the Court or to a court reporting service under seal, as provided in Paragraph D.3.  Absent consent of the disclosing party, before "Confidential – Attorneys' Eyes Only" information can be disclosed to any other person (such as parties, witnesses, deponents, or experts), the party seeking to disclose such information must apply for an appropriate ruling from the Court.  Such application, any response from a party opposing the request, and the Court's ruling on the request shall be under seal.

**F.** **No Admission or Waiver**

   1.  Pursuant to Federal Rule of Evidence 502(d), the inadvertent or unintentional disclosure of any documents, information or testimony protected by the attorney-client privilege,

6

work product doctrine, or any other privilege ("Privileged Material") shall not be construed to be a waiver, in whole or in part, of that party's claim to privilege; nor shall any discreet waiver of privilege constitute a general waiver of privilege or protection.

2. If the receiving party determines that the producing party inadvertently produced Privileged Material, the receiving party shall immediately return the Privileged Material to the producing party.

3. If the producing party determines that it inadvertently produced Privileged Material, the party may, within ten (10) days after the producing party actually discovers that such inadvertent production or disclosure occurred, notify the other party that such Privileged Material was inadvertently produced and should have been withheld as privileged. Once the producing party provides such notice to the receiving party, the receiving party shall: (a) promptly return the specified Privileged Material and any copies thereof; (b) retrieve from any third parties to which the receiving party has disclosed such Privileged Material and any copies thereof, and any notes or any other documents or ESI such third party created that reflect the contents of the Privileged Material; (c) destroy, and certify such destruction to the producing party, of any notes or any other documents or ESI it or third parties created that reflect the contents of the Privileged Material; and (d) refrain from disclosing the substance of such Privileged Material to any third-party. By complying with these obligations, the receiving party does not waive any right to challenge the assertion of privilege and to request an order of the Court denying such privilege and compelling production of such Privileged Material. In the event of a challenge by the receiving party to the assertion of privilege with respect such inadvertently produced document or ESI, the party asserting the privilege shall submit such document or ESI to the Court for in camera inspection.

4.	Nothing in this Protective Order is intended to alter any professional conduct or ethics requirements with respect to inadvertently produced information.

G.	**Jurisdiction and Return of Documents**

1.	This Order shall survive the final termination of this case, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

2.	Within ten (10) business days after the conclusion of this action, by settlement or adjudication, including any appellate proceedings, the Confidential Information (and all copies, transcriptions, or reproductions in any form whatsoever) produced or provided by the parties shall be returned to their respective counsel.  Nothing in this paragraph shall preclude counsel for either party from maintaining copies of work product materials which in the good faith judgment of counsel must be maintained for purposes of defending against potential malpractice claims.  If counsel for either party has a good faith belief that work product abstracts or summaries of Confidential Information must be maintained for the defense of potential malpractice claims, counsel shall serve opposing counsel with a written request to maintain copies of such information until the end of the applicable statutes of limitations periods for professional malpractice claims.

H.	**Dispute as to Confidential Information Designation**

1.	If any party believes that a document, testimony or other information that has been designated as "Confidential" or "Confidential – Attorneys' Eyes Only" is not entitled to be treated as such, the party will notify the designating party of its disagreement with the confidential designation.  Counsel for the parties shall meet and confer in an attempt to reach an agreement regarding the confidential status of the document, testimony or information within ten (10) business days after the opposing party has advised the producing party of its disagreement

8

with the confidential designation.  If the matter is not resolved by the parties themselves, the party claiming the confidential status of documents, information or testimony shall bring the dispute before the Court for a determination and have the burden of proof.

2. Except as expressly provided herein, nothing in this Agreement and Order is intended to limit or have the effect of limiting either party's right to make use of or object to the use of such information for any purposes or uses permitted under the Federal Rules of Civil Procedure, or the Federal Rules of Evidence, at any time during the pretrial preparation or trial of this lawsuit or any time up to and including the entry of judgment and conclusion of any appeals taken therefrom.  Accordingly, subject to the Federal Rules of Evidence, materials protected by this Order may be offered in evidence at trial or at any court hearing subject to such protective measures as may be provided by this Order or directed by this Court.  Nothing in this Order shall prevent either party from seeking amendments broadening or restricting the rights of access to or the use of Confidential Information or otherwise modifying this Order; and this Order may be amended without leave of the Court by the agreement of the undersigned attorneys for the parties in the form of a stipulation that shall be filed in this case.

3. The provisions of this Order shall apply from the date this Order is signed to any and all documents produced in this action and to any and all information produced or disclosed, whether produced or disclosed before or after the execution of this Order.

4. The provisions of this Order shall survive and remain in full force and effect after the entry of final judgment, including any appellate proceedings in this case, whether by settlement or adjudication.

IT IS SO ORDERED.

November 14, 2012                   *s/ Norah McCann King*
                                     Magistrate Judge King